UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-60185-CIV-ZLOCH

FORT LAUDERDALE FOOD NOT
BOMBS, NATHAN PIM, JILLIAN PIM,
HAYLEE BECKER AND WILLIAM TOOLE,

    Plaintiffs,
vs.

CITY OF FORT LAUDERDALE,

    Defendants.
_____/

### DEFENDANT CITY'S SUPPLEMENTAL BRIEF ON REMAND

The Defendant City of Fort Lauderdale ("City"), by and through its undersigned attorneys files its Supplemental Brief on Remand and states as follows:

### Introduction

On August 22, 2018, the United States Court of Appeals for the Eleventh Circuit reversed the entry of judgment in favor of the Defendant City and "resolving the issue left undecided in *First Vagabonds Church of God v. City of Orlando, Florida*, 638. F.3d 756, 760 (11th Cir. 2011)(en banc), we hold that on this record FFNB's (Fort Lauderdale Food Not Bombs) outdoor food sharing is expressive conduct protected by the First Amendment." No other issues were addressed by the Court of Appeals and in remanding the case to the District Court for further proceedings stated:

> We decline to address whether Ordinance C-14-42 and Park Rule 2.2 violate the First Amendment and whether they are unconstitutionally vague. These issues are best for the district court to take up on remand. *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 901 F.3d 1235, 1245 (11th Cir. 2018).

On September 24, 2018, this Court directed the parties to submit additional briefing to address the remaining issues as described by the Court of Appeals in the ultimate disposition of the case. (DE 97).

With the passage of time since this Court's entry of final judgment on October 3, 2016, it is also appropriate to review the current factual and procedural posture of the case. In this regard, Plaintiff's Complaint seeks the entry of a judgment declaring that the regulation of outdoor food distribution set forth in Ordinance Number 14-42 was invalid as violative of the First Amendment and due process clause of the Fourteenth Amendment, and further requested the issuance of an injunction to enjoin enforcement of the ordinance. The record establishes that ordinance 14-41 became effective on November 1, 2014 and that enforcement of the Ordinance ceased on December 2, 2014, first by virtue of a state court order and subsequently by the City's voluntary decision not to enforce the ordinance. On November 7, 2017, the City adopted Ordinance Number C-17-44 which repealed the regulation of outdoor food distribution which had previously been established by Ordinance C-14-42. (A copy Ordinance Number C-17-44 adopted by the City of Fort Lauderdale on November 7, 2017 is attached hereto as Exhibit "A"). As a result, the challenged portions of Ordinance C-14-42 have not been enforced since prior to December 2, 2014, were repealed approximately one year ago and no longer exist.

Secondly, Plaintiffs request that the Court declare that Park Rule 2.2 violates the First Amendment and is unconstitutionally vague. Plaintiff's further request the entry of an injunction enjoining the enforcement of Park Rule 2.2. While Park Rule 2.2 has not been expressly repealed, the record shows that the rule has never been applied to the Plaintiffs, that Plaintiffs have never been threatened with enforcement of the rule and that the rule has not in fact caused injury to the Plaintiffs

of altered their outdoor food sharing expressive activities.

With this background, Plaintiffs challenged the constitutionality of Ordinance 14-42 and Park Rule 2.2 are addressed in the following sections of this brief.

### The Challenge to the Constitutionality of Ordinance 14-42 Has Been Rendered Moot by Repeal of the Ordinance

A challenge to the constitutionality of an ordinance is generally mooted by the repeal of the ordinance. <u>Coral Springs Street Systems, Inc. v. City of Sunrise</u>, 371 F.3d 1320, 1329 (11th Cr. 2004). If a claim is moot, it does not present an Article III case of controversy and the federal courts lack subject matter jurisdiction to determine the issue. In <u>Coral Springs Street Systems, Inc.</u>, the Eleventh Circuit summarized the applicable rule as follows:

> Plainly, if a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it. Mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion. Mootness can occur due to a change in circumstances, or, as here, a change in the law. As we have said, when a subsequent law brings the existing controversy to an end the case becomes moot and should be treated accordingly. Id. at 1328 (citations and quotations omitted).

The primary exception to the general rule that repeal of a challenged regulation renders the case moot is if there is a substantial likelihood that the challenged regulatory language will be re-enacted. Id. at 1329. As such, "[w]hether the repeal of a law will lead to a finding that the challenge to the law is moot depends most significantly on whether the court is sufficiently convinced that the repealed law will not be brought back." Id. at 1331. In the instant case, the record is clear that the challenged regulation regarding outdoor food distribution centers will not be brought back or re-enacted by the City. Instead, the record demonstrates that the challenged ordinance was enforced for a brief period of time during the month of November 2014, and that from December 2, 2014 until its repeal on

November 7, 2017, the City did not enforce the challenged regulation. Moreover, the City repealed the challenged regulation subsequent to the final judgment this Court entered in favor of the City in October 2016 and prior to the August 2018 decision issued by the Court of Appeals. Since there is no reasonable likelihood that the challenged regulation of outdoor food distribution centers will be re-enacted by the City, Plaintiff's claims for declaratory and injunctive relief and moot and at this time fail to give rise to an Article III case or controversy.

### The City's Application of Ordinance No. 14-42 in November 2014 did not Violate Plaintiff's Federally Protected Rights or Constitute a Violation of 42 U.S.C. §1983

Even though Plaintiff's claims for declaratory and injunctive relief regarding 14-42 have been rendered moot by the challenged regulation, an issue exists as to whether the challenged regulation was applied to the Plaintiffs in November 2014, and if so whether the application of the challenged regulation violated Plaintiff's federally protected rights under the First Amendment or Due Process Clause of the Fourteenth Amendment, and if so, whether there is a basis for municipal liability. Clearly, the claims made by the Plaintiffs constitute an as applied challenge to the enforcement of Ordinance Number 14-42. Indeed, the Court of Appeals opinion expressly recognized this and noted:

> Whether food distribution [or sharing] can be expressive activity protected by the First Amendment under particular circumstances is a question to be decided in an as-applied challenge[.] The critical question, then, is whether the reasonable person would interpret [FFNB's conduct] as *some* sort of message. In answering this question, the context in which a symbol is used for purposes of expression is important, for the context may give meaning to the Symbol. *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 901 F.3d 1235, 1241 (11th Cir. 2018) (citations and internal quotes omitted).

The records reflects that in November 2014, FFNB organized food sharing events in Stranahan Park. The record reflects that on November 7, 2017 and again on November 14, 2014 a person named Lauren Right was issued a citation as a result of participating in an FFNB food sharing event at Stranahan Park. The record further reflects that a person named Cara Claar-Reaser participated in an FFNB food sharing event on November 21, 2014 at Stranahan Park and was issued a citation for a violation of Ordinance 14-42. Finally, it is alleged that a person named James Dunson also received a citation while participating in an FFNB food sharing event at Stranahan Park on November 7, 2014. There is nothing in the record to indicate that Ordinance 14-42 was ever applied to or enforced against Plaintiffs Nathan Pim, Jillian Pim, Haylee Becker or William Toole. See DE 40 at pages 23, 24, 25 and 26. Since Ordinance 14-42 was never applied to or enforced against the individual Plaintiffs, there is no basis to enter summary judgment in their favor based on an as applied challenge to the ordinance. Instead, the Defendant City is entitled to summary judgment with respect to the as applied challenge to the ordinance advanced by the individual Plaintiffs because they have not shown the deprivation of any federally protected right, a violation of 42 U.S.C. §1983, or a basis for the imposition of municipal liability.

With respect to FFNB's as applied challenge to Ordinance Number 14-42, the record fails to show that the complained of regulation was ever applied to or enforced against Plaintiff FFNB. Indeed, the record is undisputed that:

> FFNB does not maintain any record of its membership, it has no formal membership or hierarchal structure, no formative documents, has no elected leaders, its members hold no informal offices, positions or titles, it has not written by-laws, collects no dues, is independent and autonomous and it provides no written proof of membership to its members. (DE 38 at ¶24 and DE 52 at ¶24).

5

The record is also undisputed that:

> FFNB has admitted that since the enactment of Ordinance C-14-42 and its effective date of October 31, 2017, FFNB has not stopped and continues to distribute, share, or serve food at Stranahan Park. (DE 38 at ¶23 and DE 52 at ¶23).

The only indication of any application or enforcement of Ordinance Number 14-42 to Plaintiff FFNB is that on November 7, 2014, unidentified City police officers did not allow FFNB to continue sharing food as part of its demonstration in protest at Stranahan Park. (DE 52 at ¶23).

Even if it is assumed that City police officers issuance of citations to several persons who attended FFNB food sharing events at Stranahan Park coupled with the claimed requirement that food distribution ceased during a November 7, 2014 event, constitutes an application of the regulation to the unincorporated association, Plaintiff FFNB is not entitled to summary judgment with respect to its claimed violation of 42 U.S.C. §1983.

In relevant part, 42 U.S.C. §1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State... subjects, or causes to be subjected, any **citizen** of the United States or **other person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.... (emphasis added).

Plaintiff FFNB does not claim to be a citizen of the United States and as result can only pursue relief under Section 1983 if it is a "person" within the jurisdiction of the United States. Although the Eleventh Circuit has not addressed the issue, the Tenth Circuit has expressly held that an unincorporated association is not a "person" within the meaning of Section 1983 and is not entitled to bring a claim under Section 1983. <u>Lippoldt v. Cole</u>, 468 F.3d 1204, 1211-1212 (10th Cir. 2006).[1]

---

[1] While the Eleventh Circuit has not addressed the issue, Southern District Court Judge K. Michael Moore declined to follow the Tenth Circuit's decision in <u>Gay-Straight Alliance of</u>

6

Finally, even if its assumed that Ordinance Number 14-42 was applied to Plaintiff FFNB so as to deprive it of any protected First Amendment right, and it is further assumed that FFNB is a person who can seek relief pursuant to Section 1983, the record fails to set forth any basis for municipal liability. In order to establish municipal liability it is axiomatic that the constitutional deprivation was caused by a municipal policy or custom. While the enforcement of a municipal ordinance which deprives a person of a federally protected right, usually constitutes a basis for municipal liability; enforcement of the subject ordinance only gives rise to a First Amendment constitution issue because FFNB food sharing is intended to communicate a message and the surrounding circumstances would lead the reasonable observer to view FFNB's conduct as conveying some sort of message. As such, enforcement of the Ordinance in general did not give rise to a violation of any First Amendment right, and instead only does so based on FFNB's unique circumstances. *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005). The record is devoid of any evidence that the City adopted a policy or custom of enforcing the ordinance against persons engaged in protected First Amendment Activity, or that a final policy maker directed any City police officer to enforce the ordinance as against FFNB.

## Park Rule 2.2 Has Never Been Applied to the Plaintiffs

The record is undisputed that both before and after the filing of this lawsuit FFNB has organized demonstrations at Stranahan Park which include food sharing with the public without any written agreement with the City. Similarly, the record is devoid of any showing by the individual Plaintiffs that Park Rule 2.2 has ever been applied to them or enforced against them.

Park Rule 2.2 does not on its face purport to regulate speech or other expressive activity.

---

*Okeechobee High School v School Board of Okeechobee County* 477 F.Supp 2d 1246, 1250-1254 (S.D. Fla. 2007). Instead, District Judge Moore applied the holding of *Jund v. Town of Hempstead* 941 F.2d 1271 (2nd Cir. 1991).

7

Instead, the rule relates to conduct in City parks "engaging in business or providing social services" and establishes a requirement that such conduct be engaged in pursuant to a written agreement with the City. The rule does not purport to regulate speech, protests or other forms of expressive activity. While it is true that any type of conduct may involve some sort of expressive activity or purpose, First Amendment protection is extended only where the conduct is intended to convey a particularized message, a reasonable person would interpret the conduct as some sort of message and explanatory speech is not necessary for the reasonable observer to perceive a message from the conduct. Since Park Rule 2.2 does not on its fact purport to regulate speech in any way, the constitutionality of its application to a particular circumstance or conduct can only be judged if indeed it was applied. Since Park Rule 2.2 was not applied to any of the Plaintiffs, the as applied challenge to the Park Rule fails.

Plaintiffs do not assert that they are engaged in business activity or the providing of charitable social services as Stranahan Park and essentially assert that Park Rule 2.2 does not apply to their activities. Indeed, this assertion is consistent with the City's actions in that Park Rule 2.2 has not been applied to or enforced against the Plaintiffs.

### Park Rule 2.2 is Not Unconstitutionally Vague

Plaintiff's Supplemental Brief (DE 98) asserts that Park Rule 2.2 us unconstitutionally vague and sets forth Plaintiff's argument at pages 18-20. In relevant part, Plaintiffs argue that the terms "social service" and "meeting physical needs" lack precision and guidance (DE 98 at page 19). Plaintiffs argue that while FFNB shares food with the public "to communicate its political message" and not as a charity or social service, the Park Rule could be applied to it because of a lack of precise standards, and is therefore grounds for invalidation based on vagueness. Id

.

In August 2018, the Eleventh Circuit in <u>Stardust, 3007 LLC v. City of Brookehaven, Georgia</u>, 899 F.3d 1164 (11th Cir. 2018) reiterated the standard applicable to determining whether a government regulation is unconstitutionally vague and stated as follows:

> The Constitution does not require perfect clarity in the language of statutes and ordinances. All . . . due process requires is fair notice . . . sufficient to enable persons of ordinary intelligence to avoid conduct which the law forbids. To succeed on a claim that an ordinance is void for vagueness, the complainant must demonstrate that the law is impermissibly vague in all of its applications. A corollary of this rule is that a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. Id. at 1177 (citations and quotation marks omitted).

Plaintiffs do not argue that Park Rule 2.2 is impermissibly vague in all of its applications. Instead, Plaintiffs assert that they do not engage in business or social service activities as defined by Park Rule 2.2, and that as a result, Park Rule 2.2 should not be applied to them. However, this assertion does not establish that the Rule is impermissibly vague in all of its applications and since the rule has never been applied to the Plaintiffs they are not entitled to a summary judgment that the Rule "is constitutionally deficient as applied to FFNB". (DE 98 at page 20).

Park Rule 2.2 provides sufficient notice as to what is required. It states that Park shall not be used for business or social service purposes unless authorized pursuant to a written agreement with the City. The Rule expressly states:

As used herein, social services shall include, but not be limited to, the provision of food, clothing, shelter or medical care to persons in order to meet their physical needs. Plaintiffs assert and the Court of Appeals accepted that they do not provide food to persons as a social service or charity to meet their physical needs but instead to convey a political message. While Park Rule 2.2 does not purport to regulate and does not apply to Plaintiff's symbolic speech, the rule is not unconstitutional

9

in all of its applications and no argument is made that imposing some regulatory constraints on persons who seek to conduct business activities and social service activities in public parks fails to provide reasonable notice to persons (unlike the Plaintiffs) who seek to engage in such activities.

## Conclusion

Plaintiff's Motion for Summary Judgment should be denied in accordance with the reasons and authorities stated above. Plaintiff's First Amendment and due process claims regarding Ordinance 14-42 have been rendered moot by the repeal of the regulations regarding outdoor food distribution centers. Since the regulation has been repealed and there is no indication that the City intends to re-enact the legislation, Plaintiff's claims for declaratory and injunctive relief have been rendered moot and do not present a case or controversy. Moreover, Ordinance Number 14-42 was never applied to Plaintiffs Nathan Pim, Jillian Pim, Haylee Becker or William Toole. As such, the individual Plaintiffs do not present a viable Section 1983 claim for damages based upon the application of the regulation. Plaintiff FFNB is an unincorporated association and does not have right to seek damages for a claimed violation of Section 1983.

Park Rule 2.2 has never been applied to any of the Plaintiffs, and as such, none of the Plaintiffs can present a viable as applied challenge to the regulation. The Plaintiffs have failed to show that Park Rule 2.2 is unconstitutionally vague of all of its applications. Park Rule 2.2 does not purport to regulate speech or symbolic conduct entitled to First Amendment protection and instead in relevant part is applicable only to social service activities wherein food is provided at no cost in order to meet the "physical needs" of the person receiving the food. Plaintiffs do not claim to engage in this type of activity and indeed the rule has never been applied to or enforced against them. As such, the Defendant City is entitled to judgment as a matter of law.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 7th day of November, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
*Counsel for Defendant City*
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, FL 33304
Telephone: 954-463-0100


BY:  */s/Michael T. Burke*
      MICHAEL T. BURKE
      Florida Bar No. 338771

**SERVICE LIST**

**Counsel for Plaintiffs:**
Kirsten Clanton, Esquire
Jodi Siegel, Esquire
Southern Legal Counsel, Inc.
1229 NW 12th Avenue
Gainesville, FL 32601
Telephone: (352) 271-8890
Kirsten.clanton@southernlegal.org
Jodi.siegel@southernlegal.org

**Counsel for Plaintiffs:**
Mara Shlackman, Esquire
Law Offices of Mara Shlackman, P.L.
757 SE 17th Street, PMB 309
Fort Lauderdale, FL 33316
Telephone: (954) 523-1131
mara@shlackmanlaw.com

**Counsel for Plaintiffs:**
Andrea Costello, Esquire
Legal Advocacy Center of Central Florida
1610 SE 36th Avenue
Ocala, FL 34471
Telephone: (352) 482-0179
andreac@laccf.org

**Counsel for Defendant:**
Michael T. Burke, Esquire
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Ft. Lauderdale, FL 33304
Telephone:  954-463-0100
Burke@jambg.com
Cardona@jambg.com

Alain E. Boileau, Esq.
City of Fort Lauderdale
City Attorney's Office
100 North Andrews Avenue
Fort Lauderdale, FL 33301
Telephone: 954-828-5025
aboileau@fortlauderdale.gov