UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 15-60185-CIV-CANNON/HUNT

FORT LAUDERDALE FOOD NOT
BOMBS, et al.,

    Plaintiffs,

v.

CITY OF FORT LAUDERDALE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiffs' Motion for Bill of Costs ("Motion"), ECF No. 132. The Honorable Aileen M. Cannon referred the Motion to the undersigned for a Report and Recommendation. S*ee* ECF No. 133; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Motion, the undersigned respectfully RECOMMENDS that Plaintiffs' Motion for Bill of Costs, ECF No. 132, be GRANTED as set forth below.

## BACKGROUND

Fort Lauderdale Food Not Bombs, Nathan Pim, Jillian Pim, Haylee Becker and William Toole (collectively "Plaintiffs") brought this action for declaratory and injunctive relief and damages against Defendant City of Fort Lauderdale ("Defendant") pursuant to 42 U.S.C. § 1983 for past and ongoing injuries to their rights guaranteed by the First and Fourteenth Amendments of the United States Constitution. ECF No. 1. Plaintiffs alleged that the application of Park Rule 2.2 to Plaintiffs' expressive food sharing activities violated their First Amendment Rights. ECF No. 1. On December 7, 2021, Plaintiffs

notified the Court that they have accepted Defendant's Offer of Judgment.  ECF No. 126.  On December 15, 2021, the District Court entered final judgment in favor of Plaintiffs against Defendant.  ECF No. 129.

Plaintiffs now move the Court for an award of taxable costs pursuant to U.S.C. § 1920 as the prevailing party.  ECF No. 132-2.  Plaintiffs state that the Motion and the amount sought are not opposed by Defendant.  ECF No. 132-2.

## **DISCUSSION**

1. Costs

Plaintiffs seek to recover $1,842.92 in litigation costs, which result from fees for the clerk, fees for transcripts obtained for use in the case, and fees for copies that were obtained for use in the case.

    A. Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees.  Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*, No. 08-61277-CIV-DIMITROULEAS/SNOW, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011).  "A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred."  *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017).  A material alteration between parties has been found in situations where, "a party has been awarded by the court at least some relief on the merits of his claim or . . . a judicial imprimatur on the change in the legal relationship between the parties.'"  *Interim Healthcare Inc. v. Suncoast Loving Care, LLC*, No. 18-60766-CIV-

GAYLES/SELTZER, 2018 WL 6620314, at *2 (S.D. Fla. Nov. 28, 2018) (quoting *Smalbein v. Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)).

Here, the Court entered final judgment in favor of Plaintiffs. Therefore, the undersigned finds that Plaintiffs are the prevailing party and entitled to costs pursuant to Federal Rule of Civil Procedure 54(d).

B.      Recoverable Costs

Accordingly, as Plaintiffs are the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"A court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case. *Id.* (citing *W & O*, 213 F.3d at 621).

Plaintiffs seek an award for the filing fee of $400 and fees of $10 ($5 each) for the two appeals of this action to the Eleventh Circuit. These fees are reimbursable as they fall within the scope of taxable costs under § 1920(1). Therefore, the undersigned

3

recommends that $410 be awarded for the fees of the Clerk.

Plaintiffs also seek to recover an award in the amount of $1397.40 for deposition transcripts. Plaintiffs state that they used the deposition of the City in court filings, and obtained copies and used the deposition taken by Defendant of their corporate representative for summary judgment. As Defendant bears the burden of objecting and does not oppose the costs, the undersigned finds that these fees are reimbursable as they fall within the scope of taxable costs under § 1920(2). Therefore, the undersigned recommends that $1397.40 be awarded for the costs of transcripts necessarily obtained for use in the case.

Additionally, Plaintiffs seek an award for costs of copies of exhibits from Plaintiffs' deposition of Defendant's corporate representative in the amount of $35.52. Once again, Defendant bears the burden of objecting and does not oppose the costs. As a result, the undersigned finds that these fees are reimbursable as they fall within the scope of taxable costs under § 1920(2). Therefore, the undersigned recommends that $32.52 be awarded for the costs of copies necessarily obtained for use in the case.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Plaintiffs' Motion for Bill of Costs, ECF No. 132, be GRANTED. Plaintiffs should recover taxable costs of $1,842.92.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see *Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 8th day of June 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Aileen M. Cannon

All Counsel of Record