UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 15-60185-CIV-CANNON/HUNT

FORT LAUDERDALE FOOD NOT
BOMBS, et al.,

    Plaintiffs,

v.

CITY OF FORT LAUDERDALE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Expenses ("Motion"), ECF No. 142. The Honorable Aileen M. Cannon referred the Motion to the undersigned for a Report and Recommendation. S*ee* ECF No. 143; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, the Motion, Response and Reply thereto, arguments of counsel at the June 18, 2022 hearing, and applicable law, the undersigned respectfully RECOMMENDS that Plaintiffs' Motion, ECF No. 142, be GRANTED in part as set forth below.

## BACKGROUND

Fort Lauderdale Food Not Bombs, Nathan Pim, Jillian Pim, Haylee Becker and William Toole (collectively "Plaintiffs") brought this action for declaratory and injunctive relief and damages against Defendant City of Fort Lauderdale ("the City") pursuant to 42 U.S.C. § 1983 for past and ongoing injuries to their rights guaranteed by the First and Fourteenth Amendments of the United States Constitution. ECF No. 1. Plaintiffs alleged that the application of Park Rule 2.2 to Plaintiffs' expressive food sharing activities

violated their First Amendment Rights. ECF No. 1. Plaintiffs succeeded on two appeals to the Eleventh Circuit and received two remands. On December 7, 2021, Plaintiffs notified the Court that they accepted the City's Offer of Judgment. ECF No. 126. On December 15, 2021, the District Court entered final judgment in favor of Plaintiffs against the City. ECF No. 129.

Plaintiffs now move the Court for an award of attorneys' fees and non-taxable expenses as the prevailing party pursuant to the Civil Rights Attorneys' Fees Act, 42 U.S.C. § 1988(b). ECF No. 142. The City filed a response in opposition. ECF No. 146. The City does not oppose Plaintiffs' entitlement to an award of attorneys' fees or the hourly rates for Plaintiffs' paralegals; however, the City opposes the hourly rates for the attorneys, hours expended on particular tasks, and the overall amount that should be awarded to Plaintiffs. Plaintiffs filed a reply to the City's opposition. ECF No. 151. The undersigned held a hearing on the motion on June 18, 2022.

## **ENTITLEMENT**

As previously mentioned, the Parties do not disagree that Plaintiffs are entitled to an award of attorneys' fees pursuant to the Civil Rights Attorneys' Fees Act, 42 U.S.C. § 1988(b). While the "American Rule" dictates that courts should follow a general practice of not awarding fees to a prevailing party, Congress has given courts "explicit statutory authority under fee shifting statutes to award attorneys' fees to the prevailing party." *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir. 2003). U.S.C. §1988(b), under which Plaintiffs seek an award of attorneys' fees, is one of those statutes. *Id.* To be entitled to attorneys' fees under § 1988(b) as the prevailing party there must be: "(1) a situation where a party has been awarded by the court 'at least some relief on the merits

of his claim' or (2) a 'judicial imprimatur on the change' in the legal relationship between the parties." *Id.* (quoting *Buckhannon Bd. & Care Home Inc., v. W. Va. Dept. of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)).

Here, the undersigned finds, and the Parties agree, that Plaintiffs are entitled to attorneys' fees and reasonable non-taxable expenses as the prevailing party. The District Court accepted the Parties' offer of judgment and incorporated it when entering final judgment. Therefore, there has been a material alteration of the legal relationship between the Parties and Plaintiffs are the prevailing party.

## **FEE AMOUNT**

This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cnty.*, No. 08-61592-CIV-DIMITROULEAS/SNOW, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of attorney). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299, 1303. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form

3

an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

Plaintiffs seek a combined total of $1,527,636.50 in attorneys' fees based upon professional services rendered. ECF No. 142. The City, using both an hour-by-hour approach and an across-the-board cut approach, arrives at nearly identical reduced numbers: $334,235.00 or $328,441.85. ECF No. 146.

1. <u>Reasonable Hourly Rate</u>

This Court must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'" *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

4

*Id.* (internal quotations and citations omitted).  Ultimately, "[a] reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-TORRES, 2011 WL 9364952 (S.D. Fla. July 15, 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984)).

      This Court has considered Plaintiffs' Motion, Reply, each attorney's declaration, and the *Johnson* factors.  Plaintiffs request the following hourly rates for their attorneys and paralegals: $565 for attorney Kirsten Anderson (16 years of experience); $610 for attorney Andrea Costello (22 years of experience); $675 for attorney Mara Shlackman (28 years of experience); $785 for attorney Jodi Siegel (36 years of experience); $785 for attorney R. William Ross (36 years of experience); and $180 for paralegals Duncan, Keene, and Daniels. ECF No. 142-1.  The City responds that the hourly rates requested by Plaintiffs should all be reduced except for the paralegal rate.  In support, the City cites its fee expert who proposes the following rates:  $350 for attorneys Anderson and Costello; $300 for attorney Ross; $400 for attorney Shlackman; and $500 for attorney Siegel.  ECF No. 146 at 5.  Plaintiffs reply that the City's expert's opinion is based on a false premise. Given the nature of the field, Plaintiffs argue, civil rights lawyers do not calculate rates in the same manner as other civil attorneys.  Instead, Courts should rely on the opinions tendered by other civil rights attorneys, who are able to provide a better measure of what a reasonable hourly rate might be.  Additionally, Plaintiffs contend that they should be compensated at a rate comparable to what attorneys in the most complex legal fields charge.  Plaintiffs also claim that reasonable hourly rates in this case have evolved and increased over time.  As an example, Plaintiffs argue, attorney Anderson

began this action with only 9 years of experience, but by the conclusion of this lengthy litigation, Anderson had 16 years of experience and should be compensated accordingly.

This Court requires Parties seeking attorneys' fees to file a notice of previously awarded fees from other cases in this District, which Plaintiffs' counsel have done. ECF Nos. 153, 154. Notably, none of the attorneys have been awarded attorneys' fees in this District within the last two years. ECF No. 154. In 2021, attorneys Anderson and Siegel were awarded a blended rate of $375 from the Middle District of Florida. ECF Nos. 142-3, 142-4. In 2006, attorney Ross was awarded a rate of $325 from this District. ECF No. 142-5. Attorney Siegel represents that most of her fee disputes have settled and lists cases where she has requested around $500 or $400 rates, ECF No. 142-4, a sharp departure from the requested $785 in the instant case. The undersigned also notes that in a similar civil rights case, *McDonald v. City of Pompano Beach, FL*, before the undersigned just last year,[1] attorney Shlackman requested an hourly rate of $500, but now seeks an hourly rate of $675 for *all* the work performed in the instant case, work which predates the work performed in *McDonald*.

Determining an appropriate hourly rate under a fee-shifting statute is always a difficult task, but particularly so in the context of a civil rights lawsuit. As Plaintiffs observe, there is not a readily available civil rights market from which to draw guidance. *See Norman*, 836 F.2d at 1300 ("The court recognizes that few practitioners who regularly defend the poor and disadvantaged have the opportunity to bill and collect on an hourly basis. Accordingly, it may be virtually impossible to establish a prevailing market rate for such services."). Plaintiffs argue, therefore, that their counsel should be compensated at

---

1.     20-60297-ALTMAN/HUNT, [ECF No. 93-1] (S.D. Fla. Mar. 9, 2021).

a rate commensurate with those charged by attorneys engaged in the most complex fields of federal litigation, such as antitrust or securities cases, or lawsuits brought by business entities against the government. *Id.; see also Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Unsurprisingly, the City takes exception to the rates requested by Plaintiffs. The City points to numerous cases in this District and others, including civil rights cases, where courts have awarded fees based on hourly rates well below those requested by Plaintiffs. The City also complains that many of the submitted hours were for work typically performed by an associate or a paralegal, but here are billed at elevated partner rates.

The undersigned finds *Hermosilla v. Coca-Cola Co.* to be instructive. Faced with a request for very high hourly rates billed by multiple attorneys in a fee-shifting context, the *Hermosilla* court—Magistrate Judge Torres—noted the guiding principle articulated in *ACLU v. Barnes*, namely, that a "prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate." *Hermosilla*, 2011 WL 9364952, at *9 (quoting *Barnes*, 168 F.3d at 437). Judge Torres then analogized his dilemma to automobile choices:

> [O]ne can drive from point A to point B in a Ferrari, a BMW, or a Ford Fusion. Which car one chooses is ordinarily a matter of personal style coupled with financial freedom. The successful personal injury or criminal defense lawyer may choose the Ferrari. The average corporate defense lawyer will wisely choose the BMW. But a successful attorney fee applicant can only choose the Ford Fusion. It is quite reliable, consistent, and effective for the task at hand, and will not break the bank. And because of that only the cost of a Ford Fusion is compensable under an attorneys' fee statute based on the American Rule that governs federal litigation.

*Id.* at *10.

Having reviewed the *Johnson* factors, both Parties' expert declarations, and applicable law, the undersigned finds the rates sought to be excessive when compared to similar rates awarded within this District. *See, e.g., Valle v. AA & K Restoration Grp. LLC,* Case No. 19-20873-MOORE/BECERRA, 2022 WL 2307078, at *3 (S.D. Fla. Feb. 3, 2022) (finding that $400 was a reasonable hourly rate for an attorney with 31 years of experience in litigating and trying federal civil rights cases); *see also Am. Fed'n of State Cnty. v. Scott,* No. 11-21976-CIV-UNGARO/TORRES, 2012 WL 12844734, at *3, *5 (S.D. Fla. Sept. 14, 2012) (reducing the hourly rate requested by an attorney with 30 years of civil experience by one-third, from $600 to $400, and listing cases from the nation's most expensive legal market, New York, that reduced similar hourly rates) (subsequent history omitted). Based upon this Court's own knowledge and experience, having considered the length, extent, and novelty of litigation involved in the instant case, the Court concludes that the following rates are reasonable: $375 for attorneys Anderson and Costello, $450 for attorney Shlackman; and $500 for attorneys Siegel and Ross.

2.  <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must next determine the reasonable amount of time expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks and emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or

8

otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

Plaintiffs seek attorneys' fees for 2,505 hours of work. This request is based on 1,087 hours of work from attorney Anderson; 673 hours of work from attorney Costello; 508.5 hours of work from attorney Shlackman; 116.7 hours of work from attorney Siegel; 76.5 hours of work from attorney Ross; and 42.7 hours of work from the paralegals. The bulk of these hours were reportedly spent while communicating with the clients, filing the complaint, drafting and filing discovery motions, conducting depositions, litigating summary judgment in the original action and on remand, appellate briefing and oral arguments, and negotiating settlements. In support of this Motion, Plaintiffs' counsel have submitted almost 200 pages of timesheets which detail the time spent on the overall litigation as well as at each stage of litigation. ECF No. 142-2.

The City contends, through its expert's findings, that the hours sought for compensation are excessive because they are redundant or unnecessary, contain duplicative entries, and do not exercise proper billing judgment. The City requests the Court to apply its expert's reduction of hours. In the alternative, the City proposes that an across-the-board reduction is warranted because the billing records are so voluminous that an hour-by-hour review would be impractical and a waste of judicial resources.

The City points to numerous examples of what it believes is excessive billing for somewhat routine tasks, such as responding to discovery. The City points out that discovery was limited to one round of interrogatories and requests for production to each Plaintiff, requests for admission to Plaintiff Fort Lauderdale Food not Bombs, and three sets of discovery requests to Plaintiff Pim. The City contends that this relatively limited discovery practice does not warrant a bill for 476.6 hours of legal work. Additionally, the

9

City argues that the total amount of deposition time was only 19 hours, yet Plaintiffs seek to recover for 223 hours spent on tasks related to the depositions. The City contrasts its own (much lower) legal bills, arguing that its counsel handled the same complex case without the need to assign multiple lawyers to everything from preparing discovery responses to preparing for, conducting, and observing oral arguments.

The City suggests that some of the overbilling arises from Plaintiffs' pervasive overstaffing, such as sending multiple attorneys to events where one attorney would have been sufficient. For example, the City argues that Plaintiffs had three attorneys attend each deposition, while the City only had one. Additionally, Plaintiffs sent three attorneys to the first oral argument at the Eleventh Circuit, two to the second, and two attorneys billed for simply watching oral arguments.

Plaintiffs reply that the use of multiple attorneys was justified in that each brought a different perspective and expertise to the tasks at hand. Plaintiffs also point out that they made some billing concessions, for example, only billing for two attorneys at appellate oral argument despite the presence of the third attorney. Plaintiffs urge the Court not to consider the City's comparatively meager legal bills, arguing that an opposing party's hours are not relevant to the discussion, and that "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). In essence, Plaintiffs argue, look at the scoreboard.

Not surprisingly, given the somewhat extreme positions staked out by the Parties, the undersigned finds that the answer lies somewhere in the middle. The undersigned

has reviewed the billing records and agrees with the City that the hours expended on the indicated tasks and the overall litigation are not reasonable.

> Ordinarily, when hours are disallowed the court should identify the [specific] hours disallowed and explain why they are disallowed. But where a fee application is voluminous and a district court finds [that] the number of hours claimed is unreasonably high, the court has two choices: (1) it may conduct an hour-by-hour analysis or (2) it may reduce the requested hours with an across-the-board cut. When the district court chooses the latter, it must concisely but clearly articulate [its] reasons for selecting specific percentage reductions such that there can be meaningful review.

*Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1094 (11th Cir. 2022) (internal citation and quotations omitted).

Here, the undersigned finds that the fee application is voluminous and that the hours claimed are unreasonably high, warranting an across-the-board reduction. Plaintiffs seek compensation for 476 hours of work on discovery and related motions; however, Plaintiffs did not contest the somewhat limited extent of discovery practice alleged in the City's response. Further, upon review of the docket, only two motions related to discovery were filed. With respect to the 223 hours sought for compensation related to multiple attorneys preparing for and conducting depositions, Plaintiffs allege that the hours are reasonable and that each attorney had a specific role. While it is typical to assign different roles to attorneys, it would be an improper use of billing judgment to charge a client, and therefore one's adversary, for multiple attorneys to prepare for and attend all discovery depositions.[2] Plaintiffs also seek compensation for 94 hours spent preparing the two-count complaint. This number is clearly excessive. While the

---

2. Similar to the above discussion with respect to hourly rates, we refer here to reasonable allocation of resources in a reasonably comparable case, not those exceptional cases where a deep-pocketed corporate litigant "knowingly contracts for . . . premium services in exchange for premium hourly rates[, or] bargains for an army of lawyers." *Hermosilla*, 2011 WL 9364952, at *8.

11

Complaint does contain a detailed factual history, 94 hours is an unreasonable number even for a case dealing with a novel issue. Next, the undersigned finds the nearly 200 hours (197.57) sought for compensation related to multiple attorneys preparing for and presenting oral argument to be unreasonable. While firms may choose to send multiple attorneys to attend or prepare for such events, it is unreasonable to bill a client (or an adversary) for that many hours and for the attendance of multiple attorneys.

But the undersigned also disagrees with the City that a 78% across-the-board cut is warranted. Instead, the undersigned finds that a 60% across-the-board cut is sufficient. This percentage accounts for the double or even triple billing of similar entries by Plaintiffs' attorneys, attendance of multiple attorneys at depositions and oral arguments, and for excessive time spent on specific tasks. Accordingly, attorney Anderson is entitled to recover for 652 hours of work; attorney Costello is entitled to recover for 403 hours of work; attorney Shlackman is entitled to recover for 305.1 hours of work; attorney Siegel is entitled to recover for 70 hours of work; and attorney Ross is entitled to 45.9 hours work.

3.   Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value,

as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

The undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, multiplying Plaintiffs' attorneys' reasonable number of hours expended by the respective hourly rates yields a recommended combined lodestar amount of $598,556 ($244,500 for attorney Anderson, $151,125 for attorney Costello, $137,295 for attorney Shlackman, $35,000 for attorney Siegel, $22,950 for attorney Ross, and $7,686 for the various paralegals).

4.  Non-Taxable Costs

"[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." *Hithon v. Tyson Foods, Inc.*, 566 Fed. App'x 827, 830 (11th Cir. 2014) (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)).

Plaintiffs seek an award of $4,482.12 in non-taxable costs for copies, overnight delivery and postage, mediation, and travel. ECF No. 142 at 7. While Plaintiff's motion stated that the award of non-taxable costs was opposed, the City's response only contains a brief reference to travel costs for attorneys but in relation to other tasks. Nevertheless, as the "reasonableness standard" is to be liberally applied, the undersigned finds that Plaintiffs are entitled to the non-taxable costs under §1988 in the amount of $4,482.12.

5. <u>Conclusion</u>

Plaintiffs assert in their briefing that "[t]here is no question that Plaintiffs achieved excellent results in vindicating their constitutional rights and expanding similar protections for others." ECF No. 151 at 8. The undersigned agrees. Plaintiffs' counsel are to be congratulated for their hard work and tenacity. They should also be appropriately compensated for their efforts. But the roughly 1.5-million-dollar legal bill tendered to their opponent is excessive. Likewise, the drastic cuts recommended by the City are too severe. Having reviewed the pleadings, the billing records, the expert declarations and the law, the undersigned has endeavored to adequately compensate the attorneys for the hours reasonably worked. In sum, for the reasons discussed above, the undersigned recommends that the District Court award Plaintiffs a total of $603,038.12 (the sum of $598,556.00 and $4,482.12) in attorneys' fees and non-taxable costs.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiffs' Motion for Attorneys' Fees, ECF No. 142, be GRANTED in part. Plaintiffs should be awarded $603,038.12 in attorneys' fees and non-taxable costs.

...

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). the parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 21st day of October 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Aileen M. Cannon

All Counsel of Record