UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No: 0:15-cv-60185-AMC

FORT LAUDERDALE FOOD NOT
BOMBS, et al.,

    Plaintiffs,

v.

CITY OF FORT LAUDERDALE,

    Defendant.
    _____/

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS'
OBJECTIONS TO REPORT AND RECOMMENDATION**

Plaintiffs sought leave to file this Reply because Defendant City of Fort Lauderdale continues to misstate established facts, or entirely omits relevant facts from its argument. (ECF 162.) The City also mischaracterizes controlling legal principles, cites to wholly inapposite case law, and misrepresents the facts in cases it cites which, when accurately explained, do not support the drastic across-the-board fee reduction recommended by the Magistrate Judge in this case or the reduction of the reasonable hourly rates sought by Plaintiffs' counsel. As explained below, Plaintiffs address these issues as they relate to Defendant's meritless arguments on what amounts to a total proposed excessive 54% across the board reduction (taking into account the billing judgment exercised by Plaintiffs' counsel) and the correct standard for determining hourly rates.

    **I.    The Court Should Reject the Recommended Drastic Across the Board Reduction Which Lacks Legal and Factual Support.**

Neither the City nor the Magistrate Judge's recommendations support an

excessive and *additional* 40% reduction to Plaintiffs' hours sought in this matter. In addressing this point, the City makes several erroneous arguments. The City incorrectly asserts that Plaintiffs' counsel claim "a per se rule exists regarding the maximum percentage by which requested hours may be reduced." (ECF 161, at 9-10.) Plaintiffs' counsel make no such argument. (*See* ECF 160, at 5-10.) In addition, Defendant makes arguments that misrepresent the billing judgment exercised by Plaintiffs' counsel, inaccurately describes the facts of certain fee cases, and rests on its expert's affidavit. (ECF 161, at 1-4, 9-17.) Each of these arguments lacks merit.[1]

### A. Plaintiffs' Legal Team Exercised Appropriate Billing Judgment.

The City asserts that a 40% reduction is warranted in part because "fee applicants do not exercise billing judgment." (ECF 161 at 10-11.) Contrary to the City's assertion, Plaintiffs did exercise appropriate billing judgment and cut their requested billable time by well over 400 hours out of a total of 2,900-plus hours. The 40% reduction in the Magistrate Judge's Report and Recommendation was on top of the 440.3 non-charged hours, thereby making the reduction actually total 54%.

Defendant was well aware of this reduction because the cuts in hours were identified with clarity in court filings. Plaintiffs stated: "[a]s detailed in Plaintiffs' Counsel's Declarations (ECF 151-3 to 151-7), they exercised **billing judgment and excluded over 440.3 hours**." (ECF 142, at 12, emphasis supplied.) In addition, in their Lodestar Summary, Plaintiffs claimed 2,505 billable hours and included a separate column

---

[1] The City notes that Plaintiffs have not ordered a transcript of the hearing before the Magistrate Judge. (ECF 161, at 2 n.1.) It was a one-hour non-evidentiary hearing; the parties presented only legal argument (ECF 158) (court's minute entry reflects duration of hearing). If the Court finds the transcript would be of assistance, Plaintiffs can order it to complete the record.

highlighting the 440.3 hours of attorney time that was "non-billed." (ECF 142-1, at 1.) Additionally, after Defendant's limited specific objections during the parties' "fees conferral" mandated by S.D. Fla. Local R. 7.3(a)(8), the City knew that Plaintiffs "non-billed" 52.1 hours of time as part of the conferral process. (ECF 142, at 3 ¶ 13, 13 & n.7.) Defendant ignores these facts.

Plaintiffs' attorneys were well aware of their obligation to engage in a good faith effort to exclude any hours that were "excessive, redundant or otherwise unnecessary" from their fee application. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Every attorney who performed legal services for the Plaintiffs did so and, as noted above, those billing exclusions were set forth with precision in the Lodestar Summary. (ECF 142-1, at 1.)

Defendant's stark allegation that Plaintiffs did not exercise "billing judgment" cannot be excused as merely a careless omission. A reduction of over 440 hours should have been acknowledged and addressed by the City. It was not. Plaintiffs' counsel exercised billing judgment that is clearly sufficient to account for any duplicative or unnecessary hours. (ECF 151-4, 142-4 to 142-7.)

### B. Defendant and Magistrate Judge Lack Support for Such An Extreme Reduction in Hours.

Defendant takes the amount of awarded fees in cases cited by Plaintiffs' counsel out of context to argue that Plaintiffs' fee request is excessive. (ECF 161, at 2, 12, 13; ECF 160, at 5-6.) However, the fee totals in these cases, by themselves, have no analytical relevance to determining a reasonable fee in this case. (ECF 161, at 2, 12, 13.) The Court should reject this misguided approach.

The City fails to grasp that merely citing the amount of a fee award, without any

analysis about the number of hours and why expended, is not probative of anything. For example, in *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266 (S.D. Fla. 2019), this Court awarded $390,959 in attorneys' fees. Yet, the amount is not comparable to this case, as the fee award there was for five months of work which ended in settlement after a few motions and discovery, whereas this litigation spanned eight years with three district court proceedings and two appeals. Likewise, in *Pass-A-Grille Bch. Cmty Church, Inc. v. City of St. Pete Bch.,* Case No. 8:20-cv-1952, 2022 WL 1242482 (M.D. Fla., April 11, 2022), the court awarded $254,018 for a case that settled after eleven months. And in *Garrett Invs., LLC v. SE Prop. Holdings, LLC*, 956 F. Supp. 2d 1330 (S.D. Ala. 2013), the court awarded $55,679 for an eleven-month foreclosure case that ended at summary judgment. While *Ocheesee Creamery, LLC v. Putnam*, 276 F. Supp. 3d 1255 (N.D. Fla. 2017), lasted two and a half years with one appeal after a summary judgment, it still does not compare with the duration and number of proceedings in this case. Certainly, higher fees are warranted here than in any of those cases, as it took a much higher number of hours over a considerable number of years and two appeals to achieve the success that was obtained.

These cases are, however, relevant to a determination of what is an appropriate percentage to reduce hours. In acknowledging that there was some duplication and excessive time spent, the courts reduced hours from 2% to 20%: *H.C.*, 426 F. Supp. 3d at 1283 (20% reduction); *Pass-A-Grille Bch. Cmty Church,* 2022 WL 1242482, at *8 (15%); *Garrett Invs.,* 956 F. Supp. 2d at 1344 (10%); *Ocheesee Creamery*, 276 F. Supp. 3d at 1257 (2%). (*See also* ECF 151, at 7; ECF 160, at 5-9.)

### C. The Findings By Defendant's Expert Should Be Accorded No Weight.

The City's wholesale reliance on the affidavit of Joanne O'Connor, given the clear deficiencies in that affidavit, completely undermines its arguments as to the Plaintiffs' attorneys' time entries. *See Monterey at Malibu Bay Condo Ass'n v. Empire Indemnity Insur.*, Case No. 20-cv-24587-BLOOM/Otazo-Reyes, 2021 WL 5085320, at *9 (S.D. Fla. 2021) (deficient objections render them "mostly unpersuasive"); *see also* (ECF 151, at 12-13; ECF 161, at 3-4, 11.) The City asserts that "[a]ttorney O'Connor ... engaged in a detailed line-by-line review of the Plaintiffs' billing records." (ECF 161, at 4, emphasis in original.) This is false, insofar as the "review" consisted of no more than a spreadsheet with codes for objections and fails any test for sufficiency under the Local Rules. *See Fla. Int'l Univ. v. Fla. Nat'l Univ.*, 2019 WL 3412159, at *6 (S.D. Fla. 2019) ("As an initial matter, the declaration provided by FIU's expert is insufficient. Mr. Stepian's declaration is a spreadsheet of FNU's billing record whose time entries include little more than various labels such as 'block billing,' excessive,' 'clerical,'" or 'duplicative.'") (internal citation omitted). These objections fall well short of what is required by Local Rule 7.3(a). *See, e.g.*, *Monterey at Malibu Bay Condo Ass'n*, 2021 WL 5085320, at *7-10 (noting generalized labels violated S.D. Fla. L.R. 7.3's "reasonable particularity" standard).

Ms. O'Connor's lack of familiarity with rates in civil rights cases, her lack of experience representing civil rights plaintiffs, and her apparent lack of prior service as an expert witness on attorneys' fees, strongly suggest that the Magistrate Judge should have afforded little to no weight to O'Connor's findings. In contrast, Plaintiffs' expert has considerable expertise and experience demonstrating why the Court should rely on his

5

opinion. (*See* ECF 151-1 ¶¶ 4-7.)

## II. The Court Should Reject Defendant's Erroneous Arguments Concerning the Supported Hourly Rates.

Defendant's arguments concerning the legal standard for determining a reasonable hourly rate for attorneys' fees (ECF 161, at 4-5) have two major flaws. First, Defendant erroneously omits any mention of the lodestar. Second, Defendant incorrectly argues that the primary determinant of a reasonable hourly rate is "the rate sufficient to attract competent counsel to represent the case." (ECF 161, at 5.) In both instances, the City attempts to misdirect this Court from decades of precedent. The Court should reject these inaccurate assertions.

Defendant's analysis omits mention of the lodestar altogether. This is clear error. It is well established that the lodestar is the method for determining a reasonable attorney's fee. In calculating the lodestar (i.e., an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate), "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A court may also consider the *Johnson* factors in establishing the hourly rate.[1] *Id.* The City argues that this Court should reject this established standard, and instead, apply one sentence out of context from a case discussing whether a multiplier is appropriate or results in a "windfall" to a party's counsel. (ECF 161, at 4, citing *In re*

---

[1] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors") (citing *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (the Eleventh Circuit has adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

*Home Depot Inc.*, 931 F.3d 1065, 1082 (11th Cir. 2019).) This is contrary to existing law and distinct from the facts in this matter – no multiplier is requested here.[2]

"[T]here is a strong presumption that the lodestar yields a reasonable fee." *In re Home Depot Inc.*, 931 F.3d 1065, 1082 (11th Cir. 2019). Plaintiffs have met their burden to prove the reasonableness of their requested hourly rates under the lodestar through more than "satisfactory evidence" that their requested hourly rates are in line with prevailing market rates. *See Norman*, 836 F.2d at 1299 (citing affidavit from the attorney performing the work, rates actually billed and paid in similar lawsuits, direct evidence of charges. and opinion evidence)*; see also In re Home Depot Inc.*, 931 F.3d at 1082; *H.C.*, 426 F. Supp. 3d at 1275-81 (relying on similar evidence and expert affidavit in a complex civil rights action to support rates comparable to those sought here).

Defendant's view of how courts determine a reasonable hourly rate is legally incorrect. (ECF 161, at 4-5). The City and Magistrate Judge assert that a "reasonable" fee is one that is only "sufficient to attract competent counsel to represent the case, but not one that provides a windfall for attorneys." (*Id.* at 4, citations omitted; ECF 159, at 5.) This is not the legal standard.[3]

Defendant also asserts that the "focus" of determining a reasonable hourly rate is not on the open market and counsel's legal experience, but rather on "the rate sufficient

---

[2] For the same reasons, Defendant's reliance on *Perdue v. Kenny A*., 559 U.S. 542, 552-53 (2010) is misplaced. Plaintiffs do not seek a multiplier.

[3] The Supreme Court has discussed this factor as one among several guiding decisions in the application of federal fee-shifting statutes. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). Defendant's attempt to portray this as the only analysis or the most important factor that a Court can use to determine the reasonableness of a requested hourly rate lacks merit. *Id.*

7

to attract competent counsel to represent the case." (ECF 161, at 5.) The City is incorrect. This is only *one* of the *Johnson* factors that a Court may examine to analyze the lodestar, but the lodestar remains the standard – the prevailing market rate and legal experience are precisely what the focus should be.

In addition, the City's, and the Magistrate Judge's, reliance on *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *9 (S.D. Fla. July 15, 2011), *aff'd*, 492 F. App'x 73 (11th Cir. 2012), is misplaced. They assert that Plaintiffs cannot charge "Ferrari" rates, but rather must make do with a "Ford." (ECF 159, at 5 & 7; ECF 161, at 9.) There are numerous dramatic differences in the facts of these two matters that make this distinction inapplicable. As to duration, the *Hermosilla* case transpired over about two and a half years; here, the action lasted over eight years with two appeals. In *Hermosilla*, the Court found defendants excessively overstaffed the case by using 31 timekeepers (19 attorneys, 8 paralegals, and 4 support staff) *see* 2011 WL 9364952, at **8 n.5, 10, 16; here, there were five attorneys and one paralegal over the eight years of litigation in five proceedings (and in all but the second appeal, proceedings were staffed by only three or four attorneys, *see* ECF 142-1). As for billing judgment, in *Hermosilla*, defendants' counsel billed, in one trial level year alone, 3,300 hours, 2011 WL 9364952, at *18; here, Plaintiffs' counsel billed a total of 2,945 hours which they reduced through billing judgment to 2,505, for trial and appellate-level work spanning over eight years. (ECF 142-1.) *Hermosilla* counsel also sought out-of-market rates unsupported by any expert opinion, 2011 WL 9364952, at *8; here, Plaintiffs did not employ out-of-state lawyers with "extraordinary" out of state rates to work on a non-complex matter, and their counsel seek reasonable hourly rates in the Southern District

8

of Florida which are well-supported by an expert with significant experience. (ECF 142-8.) *See Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, No. 1:13-CV-21604, 2019 WL 3412159, at *5 (S.D. Fla. June 17, 2019), *report & rec. adopted*, No. 13-CV-21604, 2019 WL 5260154 (S.D. Fla. Aug. 28, 2019) (rejecting application of *Hermosilla,* which involved counsel from out-of-state with "extraordinary rates" handling a copyright infringement case in the Southern District that had no complex or unusual issues).[4]

These facts, among others, demonstrate why the City's and Magistrate Judge's use of *Hermosilla* to drive their analysis should be rejected. Defendant fails to grasp that *Hermosilla* and *Barnes* are not creating a new legal standard that disregards the lodestar. Rather, those cases affirm the lodestar is the proper standard and merely examine certain facts in those cases which do not apply here. Defendant's arguments to the contrary fail. (ECF 151, at 8-12.)

### III.     Conclusion

For the reasons stated above, and in Plaintiffs' related filings (ECF 142, ECF 151, ECF 160), the Court should reject the recommended overall reduction of fees by 60.8%, which includes excessive reductions in the proposed reasonable hourly rates and hours sought by Plaintiffs' counsel that are legally and factually well supported.

---

[4] Relying on *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999), Defendant asserts a similar meritless argument. (ECF 161, at 5.) Unlike in *Barnes*, here, Plaintiffs' counsel seek rates that are reasonable for complex civil litigation brought in this District; they do not seek non-local rates. (*See* ECF 142-8, Decl. of Plaintiffs' Expert William Hill; *see also* ECF 142, at 11, cases cited therein; ECF 151, at 9, evidence and cases cited therein; ECF 160, at 2-5 (same), noting header on page two should read "The Recommended Hourly Rates *Are* Supported" (emphasis added).)

Dated: November 30, 2022

Respectfully submitted,

*/s/ Jodi Siegel*
JODI SIEGEL, Fla. Bar No. 511617
Jodi.siegel@southernlegal.org
Southern Legal Counsel, Inc.
1229 NW 12th Ave.
Gainesville, FL 32601
(352) 271-8890
(352) 271-8347 (fax)

MARA SHLACKMAN, Fla. Bar No. 0988618
mara@shlackmanlaw.com
Law Offices of Mara Shlackman, P.L.
757 Southeast 17th Street, PMB 309
Fort Lauderdale, Florida 33316
(954) 523-1131
(954) 206-0593 (fax)

ANDREA COSTELLO, Fla. Bar No. 0532991
andrea@floridalegal.org
Florida Legal Services
14260 W. Newberry Road, #412
Newberry, FL 32669
(407) 801-0332 (direct)
(407) 505-7327 (fax)

**ATTORNEYS FOR PLAINTIFFS**