UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 15-60185-CIV-CANNON/Hunt

**FORT LAUDERDALE FOOD NOT BOMBS et al.**,

    Plaintiffs,

v.

**CITY OF FORT LAUDERDALE**,

    Defendant.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF No. 159]

**THIS CAUSE** comes before the Court upon Plaintiffs' Verified Motion to Award Attorneys' Fees and Expenses (the "Motion") [ECF No. 142]. The Motion was referred to Magistrate Judge Patrick M. Hunt for a report and recommendation [ECF No. 143]. On October 21, 2022, Judge Hunt issued a report recommending that Plaintiffs' Motion be granted in part and denied in part (the "Report") [ECF No. 159]. Plaintiffs filed Objections to the Report [ECF No. 160]. Defendant filed a Response to Plaintiff's Objections [ECF No. 161], to which Plaintiffs filed a Reply [ECF No. 164]. The Court has reviewed the Report [ECF No. 159], all related filings [ECF Nos. 160–161, 164], and the full record. For the reasons set forth below, the Report [ECF No. 159] is **ACCEPTED**.

### RELEVANT BACKGROUND

This case has a long procedural history dating back to January 29, 2015, involving two appeals to the Eleventh Circuit. Following remand and then reassignment to this Court, Plaintiffs

filed a Notice of Acceptance of Offer of Judgment on December 7, 2021 [ECF No. 126].[1] The Court accepted Plaintiffs' Notice [ECF No. 128] and entered final judgment in favor of Plaintiffs on December 15, 2021 [ECF No. 129]. Following entry of final judgment, Plaintiffs filed the instant Verified Motion to Award Attorneys' Fees and Expenses (the "Motion"), seeking $1,527,636.50 in attorneys' fees and $4,482.12 in non-taxable expenses [ECF No. 142 p. 3]. This Court referred the Motion to Magistrate Judge Hunt for a report and recommendation [ECF No. 143]. On October 21, 2022, Judge Hunt issued a report, recommending that the Motion be granted in part and denied in part, and that Plaintiffs be awarded $598,556.00 in attorneys' fees and $4,482.12 in non-taxable costs—for a total of $603,038.12 [ECF No. 159 p. 14]. The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence

---

[1] The litigation history is well summarized in the Eleventh Circuit's second opinion in this matter, *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 11 F.4th 1266 [ECF No. 118].

of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Plaintiffs raise two main objections to the Report: (1) the hourly rate of $375 for attorneys Anderson and Costello, $450 for attorney Shlackman, and $500 for attorneys Siegel and Ross recommended by the Report are not reasonable in light of the attorneys' litigation experience [ECF No. 160 pp. 2–9; ECF No. 142 pp. 9–10 (seeking hourly rates of $565 for attorney Anderson, $610 for attorney Costello, $675 for attorney Shlackman, and $785 for attorneys Siegel and Ross)]; and (2) the Report's recommendation of a sixty percent across-the-board reduction of the hours expended is "excessive" [ECF No. 160 pp. 5–10]. In raising these objections, Plaintiffs focus on the Report's failure to sufficiently consider the complexity of the litigation and the importance of the long-term civil rights victories achieved through the two successful appeals [ECF No. 160 pp. 2–9]. Plaintiffs request that the Court reduce the attorneys' fees requested by Plaintiffs by at most twenty percent [ECF No. 160 p. 5].

The Court has considered Plaintiffs' objections and finds them to be without merit. As a general matter, the Report explicitly notes the significant results achieved by Plaintiffs as a result of their successful prosecution of this case [ECF No. 159 p. 14]. The Report also considers the complexity of the litigation in recommending reasonable hourly rates and reasonable hours expended. In concluding that the hourly rates requested by counsel for Plaintiffs were "excessive" under the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the Report considers the "length, extent, and novelty of litigation involved in the instant case" [ECF No. 159 p. 8]. The Report also analyzes similar fees awarded to counsel for Plaintiff in which they have participated, both in this District as well as in nearby Districts [ECF No. 159

3

p. 6]. The Court agrees with the reasonable hourly rates recommended by the Report and finds the rates to be well-supported by the record in this matter [ECF No. 159 p. 8].

Nor is the Court persuaded by Plaintiffs' argument that the Report fails to consider the complexity of the case in recommending an across-the-board reduction in hours expended [ECF No. 160 pp. 5–10]. The Report first correctly notes that the fee application submitted by Plaintiffs was so voluminous as to warrant an across-the-board reduction of the hours expended rather than a line-by-line review [ECF No. 159 p. 11].[2] In determining the extent of a reasonable reduction, the Report goes through each step of the litigation process (i.e., pleading, depositions, discovery) and compares the amount of work required based on the step's complexity with the hours Plaintiffs' counsel actually billed for that step [ECF No. 159 pp. 11–12]. The Report concludes that an across-the-board cut of sixty percent is warranted, after accounting for the "double or even triple billing of similar entries by Plaintiffs' attorneys, attendance of multiple attorneys at depositions and oral arguments, and for excessive time spent on specific tasks [ECF No. 159 p. 12]. Having evaluated the record and Plaintiffs' objections, the Court concludes that the Report sufficiently considers the complexity, length, and importance of this case in reaching its determination of a reasonable attorneys' fees award.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 159] is **ACCEPTED**.

2. Plaintiffs' Verified Motion to Award Attorneys' Fees and Expenses [ECF No. 142] is **GRANTED IN PART AND DENIED IN PART**.

---

[2] Plaintiffs do not challenge the Report's use of an across-the-board reduction but argue that the reduction should have been "10% (or at most 20%)" [ECF No. 160 p. 5].

CASE NO. 15-60185-CIV-CANNON/Hunt

3. Plaintiff is entitled to recover attorneys' fees and non-taxable costs in the amount of $603,038.12 as detailed in the Report.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 16th day of December 2022.

                                                  **AILEEN M. CANNON**
                                                  **UNITED STATES DISTRICT JUDGE**

cc:   counsel of record